While this writer concurs with the majority and its analysis of appellant's five assignments of error in this appeal of appellant's second postconviction petition exercise, it appears appropriate to comment on a portion of appellant's argument under his fourth assignment of error. That assignment pertains to the trial court's adoption of the proposed findings submitted by appellee.
Under the fourth assignment of error, appellant also makes the observation that these particular findings were almost a verbatim recantation of findings submitted by appellee in State v.Hill, Trumbull County Case 85-CR-317, entered on July 18, 1994, with respect to a postconviction exercise in State v. Hill (June 16, 1995), Trumbull App. No. 94-T-5116, unreported, 1995 WL 418683.
Thus, appellant argues that the trial court may well be adopting essentially the same findings in all of its postconviction death penalty petitions and further states, "[t]he findings in Lorraine and Hill are not only the same or similar to the state's motion for judgment but the findings in these cases are the same or similar to one another."[1]
Although this writer would understand that the findings of fact and conclusions of law, which have withstood both repeated judicial scrutiny and analysis, provide state's counsel with a feeling of safe passage and a comfort zone through prospective troubled waters, such a practice strikes this observer as a most inappropriate approach to the syllogism of individualized treatment of capital cases from beginning to end, pursuant to the dictates of the United States Supreme Court. See, generally,Furman v. Georgia (1972), 408 U.S. 238; see, also, Gregg v.Georgia (1976), 428 U.S. 153. Indeed, the Supreme Court has clearly stated that the imposition of the death penalty must be based upon the focused attention to "the particularized nature of the crime and the particularized characteristics of the individual defendant." Gregg, 428 U.S. at 206.
However, predicated on the record and the breadth of arguments submitted in this proceeding, this writer agrees that this particular duplication does not rise to the crest of prejudicial error here. Nevertheless, the parroting of these verbatim findings strikes a note from the anvil chorus, which produces the hackneyed lyric "not to be applauded in a capital case." This writer would most emphatically urge trial courts and prosecutors here to avoid this carcinogenic path in future capital cases. The application of a modicum of imaginative, cognitive chemistry can prevent potential created error.
 _______________________________ PRESIDING JUDGE DONALD R. FORD
[1] With regard to the "Lorraine" case, see State v.Lorraine (1993), 66 Ohio St.3d 414, and its prior history.